IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

STATE OF GEORGIA,

     *Plaintiff/Appellee*,

v.

MARK RANDALL MEADOWS,

     *Defendant/Appellant.*

No. 23-12958

**RESPONSE OF *AMICI CURIAE* ERWIN CHEMERINSKY, AMY LEE COPELAND, SARAH R. SALDAÑA, AND SHAN WU IN OPPOSITION TO DEFENDANT-APPELLANT MARK R. MEADOWS'S REQUEST FOR INJUNCTIVE RELIEF IN HIS EMERGENCY MOTION**

Jonathan L. Williams
STATES UNITED DEMOCRACY CENTER
400 NW 7th Ave. #14310
Fort Lauderdale, FL 33311
Tel.: (202) 999-9305
jonathan@statesuniteddemocracy.org

Maithreyi Ratakonda
STATES UNITED DEMOCRACY CENTER
165 Broadway, Office 2330
New York, NY, 10006
Tel.: (202) 999-9305
mai@statesuniteddemocracy.org

*Counsel for Amici Curiae*

*State of Georgia v. Mark Meadows*
No. 23-12958

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

To the best of *Amici's* knowledge, no associations of persons, partnerships, or corporations have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock. The following is a list of all trial judges, attorneys, law firms, and persons with such an interest:

1.    Anulewicz, Christopher Scott, attorney for Robert David Cheeley

2.    Arora, Manubir, attorney for Kenneth John Chesebro

3.    Aul, Francis, attorney for Mark R. Meadows

4.    Ayer, Donald B., *amicus*

5.    Barron, Lynsey M., attorney for Scott Graham Hall

6.    Beckermann, Wayne R., attorney for Robert David Cheeley

7.    Bever, Thomas Dean, attorney for Shawn Micah Tresher Still

8.    Bittman, Robert, attorney for Mark R. Meadows

9.    Bondurant Mixson & Elmore LLP

10.    Carr, Christopher M., Attorney General of the State of Georgia

11.    Cheeley, Robert David, Defendant in *Georgia v. Trump*

12.    Chemerinsky, Erwin, *amicus*

*State of Georgia v. Mark Meadows*
No. 23-12958

13.  Chesebro, Kenneth John, Defendant in *Georgia v. Trump*

14.  Christenson, David Andrew, *pro se*, denied intervention below

15.  Clark, Jeffrey Bossert, Defendant in *Georgia v. Trump*

16.  Cohen, Darryl B., attorney for Trevian C. Kutti

17.  Copeland, Amy Lee, *amicus*

18.  Cromwell, William Grant, attorney for Cathleen Alston Latham

19.  Cross, Anna Green, Fulton County District Attorney's Office

20.  Cross Kincaid LLC

21.  Durham, James D., attorney for Mark R. Meadows in *Georgia v. Trump*

22.  Eastman, John Charles, Defendant in *Georgia v. Trump*

23.  Ellis, Jenna Lynn, Defendant in *Georgia v. Trump*

24.  Englert, Joseph Matthew, attorney for Mark R. Meadows

25.  Farmer, John J. Jr., *amicus*

26.  Floyd, Harrison William Prescott, Defendant in *Georgia v. Trump*

27.  Floyd, John Earl, Fulton County District Attorney's Office

28.  Francisco, Michael Lee, attorney for Mark R. Meadows

*State of Georgia v. Mark Meadows*
No. 23-12958

29.    Fried, Charles A., *amicus*

30.    Fulton County District Attorney's Office

31.    Gerson, Stuart M., *amicus* below

32.    Gillen, Craig A., attorney for David James Shafer

33.    Giuliani, Rudolph William Louis, Defendant in *Georgia v. Trump*

34.    Griffin Durham Tanner & Clarkson LLC

35.    Grohovsky, Julie, *amicus*

36.    Grubman, Scott R., attorney for Kenneth John Chesebro

37.    Hall, Scott Graham, Defendant in *Georgia v. Trump*

38.    Hampton, Misty (a/k/a Emily Misty Hayes), Defendant in *Georgia v. Trump*

39.    Harding, Todd A., attorney for Harrison William Prescott Floyd

40.    Hogue, Franklin James, attorney for Jenna Lynn Ellis

41.    Hogue, Laura Diane, attorney for Jenna Lynn Ellis

42.    Jones, Steve C., U.S. District Court Judge for the Northern District of Georgia

43.    Kammer, Brian S., attorney for *amici*

44.  Kelley, Emily E., attorney for Mark R. Meadows

45.  Kutti, Trevian C., Defendant in *Georgia v. Trump*

46.  Lake, Anthony C., attorney for David James Shafer

47.  Latham, Cathleen Alston, Defendant in *Georgia v. Trump*

48.  Lee, Stephen Cliffgard, Defendant in *Georgia v. Trump*

49.  Little, Jennifer L., attorney for Donald J. Trump

50.  Luttig, J. Michael, *amicus*

51.  MacDougald, Harry W., attorney for Jeffrey Bossert Clark

52.  McAfee, Scott, Fulton County Superior Court Judge

53.  McFerren, William Coleman, attorney for Shawn Micah Tresher Still

54.  McGuireWoods, LLP

55.  Meyer, Joseph Michael, attorney for *amici*

56.  Moran, John S., attorney for Mark R. Meadows

57.  Morgan, John Thomas III, attorney for *amici*

58.  Morris, Bruce H., attorney for Ray Stallings Smith, III

59.  Ney, Adam, Fulton County District Attorney's Office

60.  Novay, Kristen Wright, attorney for Ray Stallings Smith, III

61.  Palmer, Amanda, attorney for Ray Stallings Smith, III

62.  Parker, Wilmer, attorney for John Charles Eastman

63.  Pierson, Holly Anne, attorney for David James Shafer

64.  Powell, Sidney Katherine, Defendant in *Georgia v. Trump*

65.  Rafferty, Brian T., attorney for Sidney Katherine Powell

66.  Ragas, Arnold M., attorney for Harrison William Prescott Floyd

67.  Ratakonda, Maithreyi, attorney for *amici*

68.  Raul, Alan Charles, *amicus*

69.  Rice, Richard A., Jr., attorney for Robert David Cheeley

70.  Roman, Michael A., Defendant in *Georgia v. Trump*

71.  Rood, Grant H., Fulton County District Attorney's Office

72.  Sadow, Steven H., attorney for Donald J. Trump

73.  Saldaña, Sarah R., *amicus*

74.  Samuel, Donald Franklin, attorney for Ray Stallings Smith, III

75.  Shafer, David James, Defendant in *Georgia v. Trump*

76.  Smith, Ray Stallings, III, Defendant in *Georgia v. Trump*

77.  States United Democracy Center

78. Still, Shawn Micah Tresher, Defendant in *Georgia v. Trump*

79. Terwilliger, George J., III, attorney for Mark R. Meadows

80. Trump, Donald J., Defendant in *Georgia v. Trump*

81. Twardy, Stanley A. Jr., *amicus*

82. Volchok, Daniel, attorney for *amici*

83. Wade, Nathan J., Fulton County District Attorney's Office

84. Wade & Campbell Firm

85. Wakeford, Francis McDonald IV, Fulton County District Attorney's Office

86. Waxman, Seth P., attorney for *amici*

87. Weld, William F., *amicus*

88. Wertheimer, Fred, attorney for *amici*

89. Williams, Jonathan, attorney for *amici*

90. Willis, Fani T., Fulton County District Attorney's Office

91. Wilmer Cutler Pickering Hale and Dorr LLP

92. Wooten, John William, Fulton County District Attorney's Office

*State of Georgia v. Mark Meadows*
No. 23-12958

93.    Wu, Shan, *amicus*

94.    Young, Daysha D'Anya, Fulton County District Attorney's Office

## INTERESTS AND IDENTITY OF AMICI CURIAE

*Amici* Erwin Chemerinsky, Amy Lee Copeland, Sarah R. Saldaña, and Shan Wu are former prosecutors and a federal courts scholar.[1] They have decades of experience with the issues raised in Mark Meadows's emergency motion, including those regarding removal and collateral consequences in the federal and state court contexts. *Amici* seek leave to file this response because, given their decades of public service, their personal familiarity with the law enforcement and constitutional issues relevant here, and their commitment to the integrity of our democratic system, they maintain an active interest in the proper resolution of the questions raised by the emergency motion.

## ARGUMENT

As an alternative to staying the district court's remand order and expediting consideration of this appeal, Defendant-Appellant Mark R. Meadows argues that the Court should enjoin District Attorney Fani Willis from continuing to prosecute him in state court during this appeal. The text of 28 U.S.C. § 1455, the Anti-Injunction Act, and the *Younger* doctrine each forbid this relief, and the Court

---

[1] No counsel for a party authored this filing in whole or in part, and no party or counsel for a party made a monetary contribution intended to fund the preparation or submission of this filing. No person other than *amici* or their counsel made a monetary contribution to the preparation or submission of this filing.

2

should deny it.[2]

A.    **The plain text of the removal statutes forbids enjoining the state court proceedings.**

Meadows's argument ignores the plain text of 28 U.S.C. § 1455, through which Congress has directly addressed when removal requires a state court to "proceed no further." 28 U.S.C. § 1455(b)(5). Unlike in removed civil cases, Congress has determined that the removal of a criminal case "shall not prevent the State Court . . . from proceeding further." *Id.* § 1455(b)(3). Instead, state criminal prosecutions can proceed up to the point that the district court both "determines that removal shall be permitted," and provides notice to the state court. *Id.* § 1455(b)(5). Only then does § 1455 direct the state court to "proceed no further." *Id.* Additionally, and of particular relevance to Meadows's motion, § 1455 contemplates the possibility that a removing defendant could lose his right to removal if the state proceedings outpace federal consideration of removal. Congress's solution to this problem was to direct state courts that "*a judgment of conviction* shall not be entered unless the prosecution is first remanded." *Id.* § 1455(b)(3) (emphasis added).

Where, as here, "the language of a statute is clear and unambiguous," the only proper course is to "employ that plain meaning." *United States v. Dawson*, 64

---

[2] *Amici* take no position in this filing on staying the district court's remand order and expediting the appeal, or the propriety of removal.

F.4th 1227, 1236 (11th Cir. 2023). The Court cannot "second guess Congress's decision." *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1252 (11th Cir. 2008). Because Congress has already decided when state court proceedings should stop (after a finding that removal is appropriate and notification to the state court) and has decided how to handle the risk that a removal decision could take longer than a state criminal proceeding (by forbidding the state court from entering judgment of conviction), Meadows's request to enjoin state court proceedings during the appeal must fail.

**B.    Principles of federalism, *Younger,* and the Anti-Injunction Act lead to the same conclusion.**

Although the plain meaning is enough, the "strong judicial policy against federal interference with state criminal proceedings" confirms this reading. *Mesa v. California*, 489 U.S. 121, 138 (1989). This policy flows from the bedrock principles underlying "Our Federalism"—a "recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). In this system, "the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not interfere with the legitimate activities of the States." *Id.*

4

The *Younger* doctrine and the Anti-Injunction Act provide additional reasons not to issue an injunction. Under *Younger*, federal courts do not "enjoin pending state criminal proceedings" except in "extraordinary circumstances." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004). Meadows points (at 18-19, 22) to the burdens of prosecution, but that kind of harm is not enough to justify intervention under *Younger*. *See* 401 U.S. at 46 (explaining that the threat to "federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution"). This conclusion is all the more appropriate here, where Congress specifically directed when state courts must halt proceedings in removed prosecutions.

Even if *Younger* did not apply, Meadows's arguments could not overcome the Anti-Injunction Act. Under that law, a federal court generally must not "grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress." 22 U.S.C. § 2283. Meadows contends (at 21) that the law does not apply, because he seeks only an injunction against the District Attorney as a party to this case, but the Supreme Court rejected that work-around half a century ago. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 675 n.4 (11th Cir. 2012) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 389 U.S. 281, 287 (1970)). This Court "treat[s] injunctions entered for the purpose of halting a state court proceeding the same regardless of

5

whether issued against the parties to the state proceeding or directly against the state court." *Id.* (quoting *Burr & Forman v. Blair*, 470 F.3d 1019, 1028 n.28 (11th Cir. 2006)). As for Meadows's argument that § 1455(b)(5)'s language directing that a state court "proceed no further" expressly authorizes an injunction, *see* Mot. 21-22, he ignores the conditions precedent: the district court must first "determine[] that removal shall be permitted" *and* "notify the State court in which prosecution is pending." Neither event has occurred.[3]

That Meadows relies on the Supremacy Clause does not call for a different outcome. The issue here is not whether the Supremacy Clause protects Meadows from the burdens of litigation, but rather whether this Court has the authority to stay the state-court criminal proceeding before § 1455(b)(5) is satisfied. Meadows is free to argue that he should be spared the burdens of litigation under the Supremacy Clause, but until § 1445(b)(5) deprives the state court of jurisdiction, Meadows must turn to the state court for relief. As *Younger* recognizes, state courts

---

[3] None of the out-of-circuit cases Meadows cites on pages 22-23 involving stays of "*other* litigation inconsistent with the defendant's right to removal" applies here. S*ee Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334, 337 (3d Cir. 2010) (authorizing stay of re-filed civil case that was a "fraudulent attempt to subvert the removal statute"); *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997) (authorizing stay of civil case filed later "*for the purpose of subverting federal removal jurisdiction,*" but holding that the rule did not apply); *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626-628 (5th Cir. 1996) (allowing injunction against later-filed, identical Japanese lawsuit).

6

are "fully competent" to adjudicate federal defenses. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930 (1975).

Finally, the history of the officer removal statute confirms that there is nothing anomalous about requiring a federal officer to present his defenses until the terms of the removal statutes are satisfied. For most of our Nation's history, Congress has been content to leave federal officers to assert their defenses to state prosecutions in state court. *Willingham v. Morgan*, 395 U.S. 402, 405-06 (1969). It was only after the Civil War that Congress enacted a permanent statute allowing federal officers to remove charges against them. *Id.* And until 1948, the right to remove state prosecutions was generally limited to federal officers enforcing the revenue laws or customs regulations. *See id.* Indeed, Congress chose to limit the removal right despite longstanding recognition that state prosecutions of federal officers could interfere with the "operations of the general government." *See Tennessee v. Davis*, 100 U.S. 257, 263-64 (1879). Even to this day, Congress has chosen to allow state prosecutions to proceed without federal interference until a district court determines that removal is appropriate.

The removal statutes should be enforced as written. Absent a determination that removal is permitted and notice to the state court, the state court must be free to proceed in Meadows's case.

7

## CONCLUSION

For these reasons, the Court should not enjoin Meadows's state-court

prosecution while it considers this appeal.

Respectfully submitted,

/s/ Jonathan Williams
Jonathan L. Williams
STATES UNITED DEMOCRACY CENTER
400 NW 7th Ave. #14310
Fort Lauderdale, FL 33311
Tel.: (202) 999-9305
jonathan@statesuniteddemocracy.org

Maithreyi Ratakonda
STATES UNITED DEMOCRACY CENTER
165 Broadway, Office 2330
New York, NY, 10006
Tel.: (202) 999-9305
mai@statesuniteddemocracy.org

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the applicable type-volume limitation under Federal Rule of Appellate Procedure 27(d)(2). According to the word-processing software's word count, there are 1472 words in the applicable sections of this filing. I also certify that this filing complies with the applicable type-style requirements under Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6). The motion was prepared in 14-point, Times New Roman font.

/s/ Jonathan Williams
Jonathan L. Williams