No. 23-12958

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

The State of Georgia,
Plaintiff-Appellee,

v.

Mark Randall Meadows,
Defendant-Appellant.

_____

Appeal From the United States District Court for the Northern District of Georgia
The Honorable Steve C. Jones, Presiding
D.C. Docket No. 1:23-cv-3621-SCJ

_____

**State of Georgia's Responsive Brief Pursuant to this Court's
Order of September 12, 2023**

**FANI T. WILLIS, DISTRICT ATTORNEY**
Atlanta Judicial Circuit

F. McDonald Wakeford, Chief Senior Assistant District Attorney
John W. "Will" Wooten, Deputy District Attorney
Alex Bernick, Assistant District Attorney
Anna Green Cross, Special Prosecutor
John E. Floyd, Special Prosecutor
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
(404) 612-4981

*Counsel for Plaintiff-Appellee the State of Georgia*

## TABLE OF AUTHORITIES

**Cases**

*Animal Legal Def. Fund v. United States Dep't of Agric.*,
    789 F.3d 1206 (11th Cir. 2015) ............................................................... 4

*Banco Nacional De Cuba v. Sabbatino*,
    376 U.S. 398 (1964) ............................................................................ 8, 9

*Bostock v. Clayton Cty.*,
    140 S. Ct. 1731 (2020) ............................................................................ 3

*Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*,
    447 U.S. 102 (1980) ................................................................................ 4

*Dep't of Homeland Sec. v. MacLean*,
    574 U.S. 383 (2015) ............................................................................ 4, 5

*In re Haas*,
    48 F.3d 1153 (11th Cir. 1995) ................................................................. 4

*In re Griffith*,
    206 F.3d 1389 (11th Cir. 2000) ............................................................... 4

*Russello v. United States*,
    464 U.S. 16 (1983) ............................................................................ 4-7, 9

*Sabal Trail Transmission, LLC v. 18.27 Acres of Land in Levy Cnty.*,
    59 F.4th 1158 (11th Cir. 2023) ............................................................... 4

*United States v. Alfisi*,
    308 F.3d 144 (2nd Cir. 2002) .................................................................. 7

*United States v. Fernandez*,
    Nos. 19-15044; 19-15165, 2022 U.S. App. LEXIS 23350
    (11th Cir. Aug. 22, 2022) ................................................................. 4, 6-7

*United States v. Turkette*,
    452 U.S. 576 (1981) ................................................................................ 4

*Watson v. Philip Morris Cos.*,
    551 U.S. 142 (2007) .................................................................................. 7

*Willingham v. Morgan*,
    395 U.S. 402 (1969) .................................................................................. 7

**Statutes**

18 U.S.C. § 201 ................................................................................................ 6

28 U.S.C. § 1442 ............................................................................... 1-3, 5, 7-10

**Other Authorities**

3C Am. Jur. 2d
    *Aliens and Citizens* § 2120 (2023) .......................................................... 8

# INTRODUCTION

On September 12, 2023, the Court directed the parties to file responsive briefs answering the following question:

> In certain circumstances, 28 U.S.C. § 1442(a)(1) permits "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity," to remove a civil action or criminal prosecution from state court to federal court. Does that statute permit former federal officers to remove state actions to federal court or does it permit only current federal officers to remove? *Compare* 28 U.S.C. § 1442(a)(1) *with* 28 U.S.C. § 1442(b) (permitting removal of "[a] personal action commenced in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State …").

Doc. [7] at 1. While it appears that no court has ever squarely addressed this jurisdictional question, well-established principles of statutory construction and the federal interests served by 28 U.S.C. § 1442(a)(1) answer it: Only current federal officers may remove state actions to federal court under the authority granted by Section 1442(a)(1).

## THE STATUTORY SCHEME AND PROCEDURAL HISTORY

Section 1442(a)(1), the federal statute under which Appellant sought to remove his criminal prosecution from the Superior Court of Fulton County to the Northern District of Georgia, states:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be

1

> removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Significantly, Section 1442(a)(1) is silent on the removal of a civil action or a criminal prosecution commenced against or directed to a *former* officer of the United States. *Compare* 28 U.S.C. § 1442(b) (authorizing removal to federal court of a "personal action commenced in any State court by an alien against any citizen of a State who is, **or at the time the alleged action accrued was**, a civil officer of the United States and is a nonresident of such State …") (emphasis added).

Appellant filed his notice of removal on August 15, 2023, and an evidentiary hearing was held on August 28, 2023. On September 8, 2023, the district court entered an order declining to find subject matter jurisdiction and remanding the matter to the Fulton County Superior Court. The district court concluded that Appellant's "alleged association with post-election activities was not related to his role as White House Chief of Staff or his executive branch authority" and that if it were to assume jurisdiction over the matter, "the Court would have to turn a blind eye to express constitutional powers granted to the States to determine their election procedures, as well as federal statutory and regulatory limitations on political

2

activities of executive branch officials." Doc. [4] Ex. 1 at 47. On the same day, based on the district court's order remanding the matter, Appellant filed a notice of appeal and emergency motion to stay now pending before this Court.

## ARGUMENT

I. **Based on well-established canons of construction, Section 1442(a)(1) cannot be interpreted to authorize removal of a criminal prosecution commenced in a state court against a former federal officer.**

While Section 1442(a)(1) authorizes federal officers to have state prosecutions against them removed to federal court under certain circumstances, it is entirely silent on the removal of a state criminal prosecution commenced against a *former* officer of the United States. Conversely, Section 1442(b) explicitly provides for the removal of certain actions against any citizen "who is, *or at the time the alleged action accrued was*, a civil officer of the United States and is a nonresident of such State … ." This Court should recognize that the discrepancy in the language used by Congress in drafting and enacting these two subsections of the same statute was intentional, and Section 1442(a)(1), properly interpreted, cannot authorize removal of a state criminal prosecution against a former federal officer.

The Supreme Court has "explained many times over many years that, when the meaning of [a] statute's terms is plain, our job is at an end." *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1749 (2020). "If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must

3

ordinarily be regarded as conclusive.'" *United States v. Turkette*, 452 U.S. 576, 580 (1981) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). Where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). And "[t]he interpretive canon that Congress acts intentionally when it omits language included elsewhere applies *with particular force*" when the disparate statutory provisions are "in close proximity" to one another. *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 392 (2015) (emphasis added).

This Court applies this principle with regularity: "[W]here Congress knows how to say something but chooses not to, its silence is controlling." *Sabal Trail Transmission, LLC v. 18.27 Acres of Land in Levy Cnty.*, 59 F.4th 1158, 1163 (11th Cir. 2023); *Animal Legal Def. Fund v. United States Dep't of Agric.*, 789 F.3d 1206, 1217 (11th Cir. 2015); *In re Haas*, 48 F.3d 1153, 1156 (11th Cir. 1995), *abrogated on other grounds by In re Griffith*, 206 F.3d 1389 (11th Cir. 2000). As discussed *infra*, these "canons of construction hold true" when two sections of a statute clearly apply to two different situations that have different consequences and concern entirely different federal interests. *See United States v. Fernandez*, Nos. 19-15044; 19-15165, 2022 U.S. App. LEXIS 23350, *9 (11th Cir. Aug. 22, 2022).

4

Applying these canons, the disparate language found in Section 1442(a)(1) and Section 1442(b) clearly demonstrates that Congress did not intend for removal to federal court of state criminal prosecutions to be available to former federal officials. The Court must presume that Congress acted intentionally and purposely by including the language "is, *or at the time the alleged action accrued was*" an officer of the United States in Section 1442(b) while simultaneously excluding it from Section 1442(a)(1), and the Court must "refrain from concluding here that the differing language in the two subsections has the same meaning in each." *Russello*, 464 U.S. at 23. And these canons apply "with particular force" because the two subsections are in such close proximity to one another. *See Dep't of Homeland Sec.*, 574 U.S. at 392. Had Congress intended to allow former federal officers to remove state actions pursuant to Section 1442(a)(1), "it presumably would have done so expressly as it did in the immediately following subsection" 1442(b). *See Id*.

For these reasons, the Court cannot assume jurisdiction over this matter.

II. **The federal interests served by Section 1442(a)(1) differ dramatically from those served by Section 1442(b), further demonstrating that Congress did not intend for Section 1442(a)(1) to authorize removal of a criminal prosecution commenced in a state court against a former federal officer.**

Congress's intent to treat two subsections of the same statute differently by using different language in each is reinforced when the two subsections each serve a distinct, independent purpose. As this Court recently analyzed in a similar

5

situation, the canons of construction discussed *supra* "hold true" and demonstrate that Congress acted "intentionally and purposely in the disparate inclusion or exclusion." *United States v. Fernandez*, Nos. 19-15044; 19-15165, 2022 U.S. App. LEXIS 23350, *9 (11th Cir. Aug. 22, 2022) (quoting *Russello*, 464 U.S. at 23).

In *Fernandez*, the defendant was convicted by a jury of multiple crimes, including bribery in violation of 18 U.S.C. § 201(b)(2)(C). *Id* at *1. That statute prohibits a public official from receiving anything of value in return for being induced to do or omit to do any act in violation of his or her "official duty," but the statute does not define "official duty." *Id* at *7. By contrast, 18 U.S.C. § 201(b)(2)(A), which provides another way of violating of the same bribery statute, prohibits a public official from receiving anything of value in return for being influenced in the performance of any "official act," and the statute *does* define "official act." *Id*. At trial, Fernandez submitted a proposed jury instruction that would have used the pattern jury instruction definition of "official act" as the definition of "official duty." The district court rejected his proposed instruction. *Id*.

On appeal, this Court affirmed the district court, applying the canons of construction discussed *supra*, because Section 201(b)(2)(A) and Section 201(b)(2)(C) each serve a different purpose: they apply to different types of bribery and prohibit different conduct. *Id* at *9. Although the two provisions "undoubtedly overlap in some considerable measure," they cover different types of cases. *Id* at *10

6

(quoting *United States v. Alfisi*, 308 F.3d 144, 151 n.3 (2d Cir. 2002)). One covers bribes regarding decisions involving the exercise of judgment or discretion, and the other applies to bribes that induce actions that directly violate a specific duty. *Id*. Accordingly, this Court rejected Fernandez's proposed application of the statutory definition of "official act" to the undefined "official duty" because "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id* at *9 (quoting *Russello*, 464 U.S. at 23).

The same rationale applies here. As the district court correctly pointed out in its remand order, the courts have long held that the basic purpose of federal officer removal under Section 1442(a)(1) is "to protect the Federal Government from the interference with its 'operations' that would ensue were a State able, for example, to 'arres[t]' and bring 'to trial in a State cour[t] for an alleged offense against the law of the State,' 'officers and agents' of the Federal Government 'acting … within the scope of their authority.'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)); *See* Doc. [4] Ex. 1 at 45. The district court also reasoned that "[a]ssuming jurisdiction over this criminal prosecution would frustrate the purpose of federal officer removal when the state charges allege—not *state interference* with constitutionally protected federal

7

activities, but—*federal interference* with constitutionally protected state actions." Doc. [4] Ex. 1 at 46 (emphasis in original).

By stark contrast, Section 1442(b) authorizes removal of certain actions commenced in state courts "by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State … ." The purpose of that subsection, concerning private actions against certain federal officers, has nothing to do with preventing a *state* from interfering with the operations of the federal government. While removal under Section 1442(b) is rarely sought and there is scant law applying it, its primary purpose seems to align with the federal government's interest in preventing state courts from adjudicating actions that may implicate "the international law of foreign relations." *See* 3C Am. Jur. 2d *Aliens and Citizens* § 2120 (2023). Indeed, "relationships with other members of the international community must be treated exclusively as an aspect of federal law." *Banco Nacional De Cuba v. Sabbatino*, 376 U.S. 398, 425 (1964).

Here, Congress's decision to include former federal officers within the scope of Section 1442(b) but to deliberately omit former federal officers from that of Section 1442(a)(1) is entirely consistent with the distinct federal interests served by each subsection. Where the purpose of Section 1442(a)(1) is to prevent state interference with the operations of the federal government, a state prosecution of a

8

*former* federal officer can hardly interfere with such operations when that former federal officer no longer has any role in the operations of the federal government. Indeed, the State of Georgia's prosecution of Appellant has no impact on the current operations of the federal government because Appellant no longer occupies a federal office and therefore plays no role whatsoever in any of the ongoing operations of the federal government. There is no longer a federal interest to protect, and this Court must presume that Congress recognized that fact and thus enacted Section 1442(a)(1)—without contemplating removal by former federal officers—intentionally and purposely. *See Russello*, 464 U.S. at 23.

Conversely, the purpose of Section 1442(b) is to prevent state courts from adjudicating private actions brought by foreign nationals against current and former federal officers, both of which could substantially affect "relationships with other members of the international community [and] must be treated exclusively as an aspect of federal law." *Banco Nacional De Cuba*, 376 U.S. at 425. In this circumstance, whether the subject of such a private action is a current federal officer or a former federal officer, the federal interest remains intact. It is that ongoing federal interest that Congress sought to protect by authorizing removal so broadly under Section 1442(b) while simultaneously omitting such broad language from Section 1442(a)(1).

9

The different federal interests served by Section 1442(a)(1) and Section 1442(b) support the conclusion that Congress acted intentionally and purposely by precluding removal of a criminal prosecution commenced in a state court against a former federal officer.

## CONCLUSION

Based on well-established canons of statutory construction and the federal interests Section 1442(a)(1) was intended to protect, former federal officers are not authorized to remove state actions to federal court, and the district court's remand should be affirmed.

Respectfully submitted this 13th day of September 2023,

        **FANI T. WILLIS**
        **DISTRICT ATTORNEY**
        ATLANTA JUDICIAL CIRCUIT

        By:

        <u>/s/ John W. "Will" Wooten</u>
        John W. "Will" Wooten
        Deputy District Attorney
        Georgia Bar No. 410684
        Office of the Fulton County District Attorney
        136 Pryor Street SW, Third Floor
        Atlanta, Georgia 30303
        (404) 612-4981
        will.wooten@fultoncountyga.gov

        F. McDonald Wakeford
        Chief Senior Assistant District Attorney
        Office of the Fulton County District Attorney

Alex Bernick
Assistant District Attorney
Office of the Fulton County District Attorney

Anna Green Cross,
Special Prosecutor
Office of the Fulton County District Attorney

John E. Floyd
Special Prosecutor
Office of the Fulton County District Attorney

*Counsel for Plaintiff-Appellee*
*the State of Georgia*

11

# **CERTIFICATE OF COMPLIANCE**

1. This responsive brief complies with the type-volume limit of the Federal Rules of Appellate Procedure and the instruction of the Court that this responsive brief "should be no more than ten pages." Excluding the parts of the document excluded by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Ruile 26.1-3(c), this document contains 2,325 words.

2. This responsive brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this responsive brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

This 13th day of September 2023,

/s/ John W. "Will" Wooten
John W. "Will" Wooten
Deputy District Attorney
Georgia Bar No. 410684
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
(404) 612-4981
will.wooten@fultoncountyga.gov

## **CERTIFICATE OF INTERESTED PERSONS**

As authorized by the Eleventh Circuit Rules, I hereby certify that the Certificate of Interested Persons contained in Appellant's Motion appears complete.

This 13th day of September 2023,

/s/ John W. "Will" Wooten
John W. "Will" Wooten
Deputy District Attorney
Georgia Bar No. 410684
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
(404) 612-4981
will.wooten@fultoncountyga.gov

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following by electronic mail:

1. Joseph M. Englert
   McGuire Woods LLP
   1230 Peachtree Street NE, Suite 2100
   Atlanta, Georgia 30309
   (404) 443-5500
   jenglert@mcguirewoods.com

2. George J. Terwilliger
   John S. Moran
   Michael Francisco
   McGuire Woods LLP
   888 16th Street NW, Suite 500
   Washington, DC 20006
   (202) 857-1700
   gterwilliger@mcguirewoods.com
   jmoran@mcguirewoods.com
   mfrancisco@mcguirewoods.com

This 13th day of September 2023,

/s/ John W. "Will" Wooten
John W. "Will" Wooten
Deputy District Attorney
Georgia Bar No. 410684
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
(404) 612-4981
will.wooten@fultoncountyga.gov