# Attachment A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **THE STATE OF GEORGIA**<br><br>**v.**<br><br>**MARK R. MEADOWS,**<br><br>  **Defendant.** | **CIVIL ACTION FILE**<br><br>**No. 1:23-CV-03621-SCJ**<br><br>**RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947** |

## <u>ORDER</u>

This matter appears before the Court on Defendant Mark R. Meadows's Emergency Motion for a Stay Pending Appeal.[1] Doc. No. [74]. The State filed its expedited opposition response. Doc No. [78].  The Court has reviewed the Emergency Motion and concludes that Meadows failed to show a stay should be granted. Thus, the Court **DENIES** Meadows's Motion for an Emergency Stay. Doc. No. [74].

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

On September 8, 2023, the Court issued an order declining to assume jurisdiction over Meadows's removal of his State criminal prosecution under 28 U.S.C. §§ 1455 and 1442. Doc. No. [69]. Accordingly, the Court remanded the case to Fulton County Superior Court. Id. The same day, Meadows filed his notice of appeal to the Eleventh Circuit. Doc. No. [71]. On September 11, 2023, Meadows filed the instant Emergency Motion seeking to stay the Court's remand order pending resolution of his appeal. Doc. No. [74]. Meadows is also seeking an emergency stay with the Eleventh Circuit. See Emergency Motion to Stay Pending Appeal, Georgia v. Mark Meadows, No. 23-12958 (11th Cir. Sept. 11, 2023), ECF No. 4. The Eleventh Circuit has not yet issued its ruling on the requested emergency stay.[2]

---

[2] Meadows also seeks expedited review of his appeal with the Eleventh Circuit. Doc. No. [74], 1; Emergency Motion to Stay Pending Appeal, Georgia v. Mark Meadows, No. 23-12958 (11th Cir. Sept. 11, 2023), ECF No. 4. As of the time of this Order, however, the Eleventh Circuit has not indicated whether it will consider Meadows's appeal on an expedited basis.

The Eleventh Circuit has, however, issued a briefing schedule on the emergency motion and ordered the Parties to respond to a question about Section 1442(a)(1)'s applicability to former federal officers. Id. at ECF No. 7 (11th Cir. Sept. 12, 2023). The Eleventh Circuit's question, however, has no effect on the remainder of this Court's order denying Meadow's emergency stay. Cf. Fed. R. Civ. P. 62(g) (ensuring that Rule 62 "does not limit the power of the appellate court" to issue a stay or "an order to preserve the status quo or the effectiveness of the judgment to be entered").

As a general rule "[t]he filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" In re Mosley, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Federal Rule 62 "provides an exception to the general rule." Fed. Trade Comm'n v. Vylah Tec LLC, No. 217CV228FTM99MRM, 2017 WL 10844699, at *2 (M.D. Fla. Oct. 27, 2017). Specifically, Rule 62 allows for a "Stay of Proceedings to Enforce a Judgment." Fed. R. Civ. P. 62.

Meadows seeks an Emergency Stay under Federal Rule of Civil Procedure 62 and the appliable stay factors. Doc. No. [74]. The State's response likewise evaluates Rule 62 and the factors. Doc. No. [78].[3]

---

[3] Neither Party articulates specifically how Rule 62 operates in relation to a remand order, let alone a decision implicating Section 1455(b)(5). The Court notes that Rule 62 contains no language that specifically applies to the procedural posture at issue here. Rule 62 provides for an automatic stay for "execution on a judgment and proceedings to enforce it," a more permanent stay after posting a bond or other security, and modifications to injunctions. Fed. R. Civ. P. 62(a)–(d). The Court has nevertheless found a number of district courts that have stayed remand orders under Rule 62 when the remand order has been appealed under 28 U.S.C. § 1447(d). See, e.g., Martin v. LCMC Health Holdings, Inc., No. CV 23-411, 2023 WL 5173791, at *1 (E.D. La. Aug. 11, 2023); Overlook Gardens Props., LLC v. Orix USA, L.P., No. 4:17-CV-101 (CDL), 2017 WL 4953905, at *6 (M.D. Ga. Nov. 1, 2017); Norhtrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC, No. 1:16CV534(JCC/IDD), 2016 WL 3180775, at *1–2 (E.D. Va. June 7, 2016); but see, e.g., Arnold v. Garlock, Inc., 278 F.3d 426, 437 (5th Cir. 2001) (pre-Section 1447(d)

3

Meadows seeks a stay of the order remanding—or more specifically, declining to exercise jurisdiction over—his criminal prosecution initiated in Fulton County Superior Court. Doc. No. [74]. While ordinarily remand orders are not appealable, Meadows sought to remove his criminal prosecution under the federal officer statute, 28 U.S.C. § 1442, which is an exception to the ordinary rule and provides the right to appeal. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

An emergency stay may be granted if the movant shows (1) he is "likely to prevail on the merits on appeal," (2) "absent a stay [he] will suffer irreparable damage," (3) the State would not suffer "substantial harm from the issuance of the stay," and (4) "that the public interest will be served by issuing the stay." Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing Jean v. Nelson,

_____

amendments allowing appeals of remands for federal officer removal actions); James v. P M G O P C O – Wash. LLC, No. 21-CV-2407, 2022 WL 4351998, at *1 (W.D. La. Sept. 19, 2022). Therefore, the Court will address the motion under the authority of Rule 62.

683 F.2d 1311, 1312 (11th Cir. 1982)). Under the framework of these factors, granting or denying a stay is "an exercise of judicial discretion." Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–34. The Court now addresses each factor and determines that Meadows has not met his burden to show any one of the factors favors a stay here.

## I.    LIKELIHOOD OF SUCCESS ON THE MERITS

"Ordinarily the first factor [likelihood of prevailing on the merits] is the most important." Garcia-Mir, 781 F.2d at 1453. In his motion, Meadows argues that he has a substantial case on the merits. Doc. No. [74], 2. He first points to the Court's recognition that the issues presented in his removal action were novel and then asserts three specific contentions of error. Id. at 2–5. These arguments simply preview the issues Meadows is raising on appeal. There is nothing in the summary of arguments he plans to raise in his challenge to the denial of removal to convince this Court that its decision was incorrect.  Thus, Meadows has shown no likelihood or prevailing on the merits of his appeal.

The Court acknowledges that the first factor here—a substantial likelihood of success on the merits—can be also satisfied by a "lesser showing" that he has a "substantial case on the merits" *if the other stay factors are met*. Garcia-Mir, 781 F.2d at 1453 (11th Cir. 1986) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)). However, as specified below, the Court finds that he has not carried his burden on the other factors and therefore, the lower standard for this first factor is not applicable.

## II.  IRREPARABLE HARM

Meadows fails to show that anything more than a possibility of irreparable harm in absence of a stay. Some "possibility" of irreparable harm is insufficient, and more than "mere possibility" is required. Nken, 556 U.S. at 435 (internal quotations omitted from second quotation). Meadows claims that he would be irreparably harmed because the federal rights implicated in his appeal under the federal officer removal statute "include freedom not only from liability . . . but from the burdens of a state-court defense." Doc. No. [74], 5. He also asserts that he has already been harmed because—despite having filed his notice of removal—he had to surrender, waive arraignment, post bond, and begin preparations for a defense in Fulton County Superior Court. Id. He fears future

6

harm because the State wishes to begin trial in Fulton County Superior Court in October even if his federal appeal has not been resolved. Id. at 6.

Section 1455(b)(3) provides that "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further." The Court cannot ignore clear statutory requirements that, despite Meadows's filing of the notice of removal, the State proceedings continued. See 28 U.S.C. § 1455(b)(3); see also Doc. No. [25] (denying Meadows's first emergency motion to prohibit the State Court criminal proceedings from continuing). Thereby, Meadows's alleged previous harm is not a basis for finding irreparable harm to grant his Emergency Motion.

Furthermore, Meadows's contentions that he would be irreparably harmed by the possibility of facing trial next month are insufficient to carry his burden on the emergency stay requested. No trial date has been set for Meadows, and he admits that it is not guaranteed his trial will be in October. Doc. No. [74], 6 ("*If the State gets its way*, Meadows could be forced to go to trial . . . ." (emphasis added). Meadows has also sought severance of his prosecution and a stay of his proceedings in the State Court. Id. at 5–6. These motions are still pending. Id. The Court finds that Meadows has not shown irreparable injury based on the

continuation of proceedings in the State Court when the State Court has yet to rule on his motion to stay or schedule a trial date. Therefore, the injury Meadows asserts does not arise above the "too lenient" *possibility* of irreparable harm. Nken, 556 U.S. at 435. Thus, the Court concludes that Meadows has not shown irreparable injury warranting an emergency stay.

## III.   PREJUDICE TO THE STATE

Nor do Meadows's conclusory assertions that the State would not be prejudiced meet his burden as to the third stay factor. Though the State did not articulate specific prejudice it would suffer if a stay was issued (Doc. No. [78], 5–6), the Court has already determined that a state has a strong interest in its criminal prosecutions being free from federal interference.[4] See, e.g., Willingham v. Morgan, 395 U.S. 402, 409 n.4 (1969) (requiring a "more detailed showing" for federal removal of state criminal prosecutions based on an increased State interest). Thus, the strong federalism interests at stake here are sufficient for the

---

[4] For example, the Anti-Injunction Act prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court" absent certain circumstances. 28 U.S.C. § 2283. Additionally, Younger abstention requires that "federal courts . . . abstain from interfering with ongoing state criminal prosecutions" based on comity and federalism concerns. Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005).

Court to conclude Meadows has failed to establish that the State would be prejudiced by a stay.

## IV.   THE PUBLIC INTEREST

Finally, Meadows claims that the public interest is served by a stay because of the Supremacy Clause and the federal officer interests at issue in his removal action. Doc. No. [74], 7. The Court acknowledges that there is a public interest in protecting federal officers from state interference under the Supremacy Clause. The Court, however, has already determined that Meadows failed to show he is entitled to federal removal under the federal officer statute because he was not acting in the scope of his federal office at the time of the acts alleged.[5] See generally Doc. No. [69]. Moreover, the Court indicated that the federal and state interests at issue in Meadows's action actually favor the resolution of his case in the State Court, rather than federal court. Id. at 46; see also Doc. No. [78], 6–7. Thus, in the Court's view, the public interest in this case favors State comity and federalism, which would not be served by issuing an emergency stay of the remand order.

---

[5]  The Court did not issue any ruling on Meadows's asserted federal defenses. Doc. No. [69], 44–45.

## V.   CONCLUSION

In sum, the Court concludes that Meadows has not shown he is entitled to an emergency stay under the aforementioned factors. The Court thereby denies his request for a stay pending appeal of his removal of his State criminal prosecution. Cf. Hutchinson v. New York, 86 S. Ct. 5, 5–6 (1965) (Memorandum of Justice Harlan) (declining an application for "a stay of a remand order pending appeal" of "criminal charges . . . sought to be removed to the federal courts").

For the foregoing reasons, the Court **DENIES** Meadows's Emergency Motion for a Stay Pending Appeal. Doc. No. [74].

**IT IS SO ORDERED** this ___12th___ day of September, 2023.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE