# Attachment B

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | &#124; |
| | &#124;  CASE NO. |
| v. | &#124; |
| | &#124;  <u>23SC188947</u> |
| DONALD JOHN TRUMP, | &#124; |
| RUDOLPH WILLIAM LOUIS GIULIANI, | &#124; |
| JOHN CHARLES EASTMAN, | &#124; |
| MARK RANDALL MEADOWS, | &#124; |
| KENNETH JOHN CHESEBRO, | &#124; |
| JEFFREY BOSSERT CLARK, | &#124; |
| JENNA LYNN ELLIS, | &#124; |
| RAY STALLINGS SMITH III, | &#124; |
| ROBERT DAVID CHEELEY, | &#124; |
| MICHAEL A. ROMAN, | &#124; |
| DAVID JAMES SHAFER, | &#124; |
| SHAWN MICAH TRESHER STILL, | &#124; |
| STEPHEN CLIFFGARD LEE, | &#124; |
| HARRISON WILLIAM PRESCOTT FLOYD, | &#124; |
| TREVIAN C. KUTTI, | &#124; |
| SIDNEY KATHERINE POWELL, | &#124; |
| CATHLEEN ALSTON LATHAM, | &#124; |
| SCOTT GRAHAM HALL, | &#124; |
| MISTY HAMPTON a/k/a EMILY MISTY HAYES | &#124; |
|     Defendants. | &#124; |

## STATE'S POST-HEARING BRIEF

**COMES NOW,** the State of Georgia, by and through the District Attorney FANI T. WILLIS, and submits this post-hearing brief as requested by this Court at the September 6, 2023, hearing on the motions to sever filed by defendants Kenneth Chesebro and Sidney Powell. At that hearing, this Court inquired about the logistics of trying all Defendants in this case together and the effects of any removal proceedings. The State responds below.

The State maintains that all the defendants shall be tried together. As discussed at the September 6th hearing, the law favors trying all the defendants together. *Richardson v. Marsh,* 481 U.S. 200, 210, 107 S. Ct. 1702, 1708 (1987) ("It would impair both the efficiency and the fairness

of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand."). The RICO conspiracy charge ensures any trial would share the same evidence and witnesses.

> In a case where the same witnesses, the same evidence, and the same charges would be used against all defendants thus effecting judicial economy in the use of physical facilities, time of witnesses, jurors, and court personnel, the trial court must consider these efficiencies against the possible conflicting interests of joint or multiple defendants.

*Montgomery v. State*, 156 Ga. App. 448, 448, 275 S.E.2d 72 (1980). Additionally, the trial of 19 defendants would be feasible within the Fulton County Courthouse, whereas breaking this case up into multiple lengthy trials would create an enormous strain on the judicial resources of the Fulton County Superior Court. The State is capable of trying large and complex cases. For example, the Atlanta Public Schools case began with 35 defendants, 13 of which were eventually tried simultaneously. As stated before, the State of Georgia is ready to try all 19 defendants together.

The issue of judicial economy looms over the issue of severance in yet another respect. Critically, the severance motions from defendants Trump, Giuliani, Eastman, Meadows, Clark, Smith, Cheeley, Shafer, Still, Floyd, Kutti, and Hall[1] arrive to this Court with each of those Defendants retaining their right to pursue their own statutory speedy trial demands under O.C.G.A. 17-7-170. The deadline to file such demand is November 5, 2023, the last day of the September 2023 term of court. *See* O.C.G.A. § 15-6-3 (3) (terms of court in Fulton County begin on the "[f]irst

---

[1] In emails to this Court, Defendants Lee and Latham indicated they will be filing motions to sever.

Monday in January, March, May, July, September, and November"). This deadline falls after the Court's October 23, 2023, projected trial date for defendants Powell and Chesebro.

As a result, should this Court grant the pending severance motions, a potential consequence could be a cascade of additional speedy trial demands emanating from the severed defendants. Each of those demands could spread out over the coming weeks, forcing the Fulton County Court System to simultaneously accommodate three or more trials, on the same facts, before three or more sets of judges and juries. Realistically, holding three or more simultaneous, high-profile trials would create a host of security issues and would create unavoidable burdens on witnesses and victims, who would be forced to testify three or more times on the same set of facts in the same case.

Specifically, the trial of Chesebro and Powell is set to commence on October 23, 2023. This leaves as many as fourteen days during which time any defendant could file a statutory speedy trial demand before the end of the September term of court. Thus far, none of the defendants moving for severance has represented to this Court that they are willing to waive their statutory speedy trial rights in order to secure a split from their co-defendants. However, defendants may waive any right, so long as there is no constitutional, statutory, or public policy prohibition. *Blackwell v. State*, 299 Ga. 122, 122, 786 S.E.2d 669 (2016). As the Georgia Supreme Court pointed out in *Henry v. State*, because O.C.G.A. § 17-7-170 "is a procedural device" and "does not provide any substantive right", it follows that it can be affirmatively waived for certain remedies, including in exchange for a continuance or severance. 263 Ga. 417, 418, 434 S.E.2d 469 (1993). *See Mize v. State,* 262 Ga. 489, 490, 422 S.E.2d 180 (1992) (finding the statutory speedy trial right may be waived by the defendant's affirmative actions before and after filing the demand); *see also Blackwell*, 299 Ga. 123 (concluding a statutory right to withdraw a guilty plea

may be waived in connection with a plea deal). Requiring such a waiver as a condition to sever any defendant who has moved for severance on the basis that he or she cannot be ready for trial by late October would prevent the logistical quagmire described above, the inevitable harm to victims and witnesses, and the risk of gamesmanship. This Court has already employed an orderly sequence of waivers in the context of arraignment, allowing defendants to avoid personal appearances in exchange for a signed waiver of their arraignment. And of course, a trial court has "inherent power … to control its proceedings." *Bloomfield v. Liggett & Myers, Inc*., 230 Ga. 484, 485, 198 S.E.2d 144 (1973).

The defendants, not the State, have the burden to show that severance is appropriate. *Collins v. State*, 312 Ga. 727, 735, 864 S.E.2d 85 (2021). Defendants wishing to be severed should make this showing prior to the Court severing them from trial, and severing these defendants prior to the defendants making this showing would be premature. Further, any defendant seeking a severance on the basis of not being ready for trial by October 23, 2023, should inform this Court on the record of when they expect to be ready for trial.

As to this Court's removal concerns, no federal judge has entered an order retaining jurisdiction over any defendant or otherwise constraining the case from proceeding in this Court, and the case can continue to move forward as explicitly authorized by 28 U.S.C. § 1455(b)(3): "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." The removal efforts have created no impediments to this case because section 1455 authorizes the case to continue all the way through a trial, up to and including the return of a verdict. If at a later time federal court decides to remove the case, the federal court's order will determine which defendants will be removed. Because a

federal court's decisions on removal occur without regard to this Court's decision to sever, the State respectfully submits that removal can have no practical bearing on this Court's consideration of severance.

## CONCLUSION

The State requests this Court to keep all defendants together for trial until Defendants until the Defendants have presented to this Court their basis for severance.

Respectfully submitted this 12th day of September 2023,

**FANI T. WILLIS**
District Attorney
Atlanta Judicial Circuit

/s/ F. McDonald Wakeford
**F. McDonald Wakeford**
**Georgia Bar No. 414898**
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
fmcdonald.wakeford@fultoncountyga.gov

/s/ Alex Bernick
**Alex Bernick**
**Georgia Bar No. 730234**
Assistant District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
alex.bernick@fultoncountyga.gov

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | &#124; |
| | &#124;  CASE NO. |
| v. | &#124; |
| | &#124;  <u>23SC188947</u> |
| DONALD JOHN TRUMP, | &#124; |
| RUDOLPH WILLIAM LOUIS GIULIANI, | &#124; |
| JOHN CHARLES EASTMAN, | &#124; |
| MARK RANDALL MEADOWS, | &#124; |
| KENNETH JOHN CHESEBRO, | &#124; |
| JEFFREY BOSSERT CLARK, | &#124; |
| JENNA LYNN ELLIS, | &#124; |
| RAY STALLINGS SMITH III, | &#124; |
| ROBERT DAVID CHEELEY, | &#124; |
| MICHAEL A. ROMAN, | &#124; |
| DAVID JAMES SHAFER, | &#124; |
| SHAWN MICAH TRESHER STILL, | &#124; |
| STEPHEN CLIFFGARD LEE, | &#124; |
| HARRISON WILLIAM PRESCOTT FLOYD, | &#124; |
| TREVIAN C. KUTTI, | &#124; |
| SIDNEY KATHERINE POWELL, | &#124; |
| CATHLEEN ALSTON LATHAM, | &#124; |
| SCOTT GRAHAM HALL, | &#124; |
| MISTY HAMPTON a/k/a EMILY MISTY HAYES | &#124; |
|     Defendants. | &#124; |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of this STATE'S POST-HEARING

BRIEF, upon all counsel who have entered appearances as counsel of record in this matter via the

Fulton County e-filing system.

This 12th day of September 2023,

            **FANI T. WILLIS**
            District Attorney
            Atlanta Judicial Circuit

            <u>/s/ F. McDonald Wakeford</u>
            **F. McDonald Wakeford**
            **Georgia Bar No. 414898**

Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
fmcdonald.wakeford@fultoncountyga.gov

/s/ Alex Bernick
**Alex Bernick**
**Georgia Bar No. 730234**
Assistant District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
alex.bernick@fultoncountyga.gov