# Exhibit A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

STATE OF GEORGIA

v.

DONALD JOHN TRUMP, et al.

Indictment No.
23SC188947

**ORDER ON DEFENDANTS' MOTIONS FOR SEVERANCE AND STAY**

After invoking the statutory right to a speedy trial, Defendants Chesebro and Powell filed motions asking that their cases be severed from each other and the additional 17 defendants. The Court held a hearing to consider their arguments on September 6, 2023, after which the State submitted supplemental briefing on September 12, 2023. Considering the record, law, and arguments of counsel, the Court finds that to the extent Defendants Chesebro (Docs. 17, 23) and Powell (Doc. 12) request severance from each other, the motions are DENIED. However, after considering the parties' filings and without the need for a hearing, the Court further finds that severing the remaining 17 co-defendants is simply a procedural and logistical inevitability, and thus the motions to sever from Defendants Chesebro and Powell are GRANTED IN PART.[1] Finally, the motions to stay the proceedings of this Court pending appellate resolution of any federal removal actions are DENIED.[2]

*Defendants Chesebro and Powell*

Defendants indicted together "may be tried jointly or separately in the discretion of the trial court." O.C.G.A. § 17-8-4(a). Joint trials are generally favored, as they promote judicial efficiency

---

[1] Trump (Doc. 25), Giuliani (Doc. 20), Eastman (Doc. 15), Meadows (Doc. 16), Hall (Doc. 17), Floyd (Doc. 33), Clark (Doc. 20), Still (Doc. 21), Smith (Doc. 16), Shafer (Doc. 17), Cheeley (Doc. 17). While Defendant Kutti's motion only requests not to be included in the speedy trial, the Court considers this is the functional equivalent of a request for severance. (Doc. 19).

[2] Meadows (Doc. 16), Clark (Doc. 18), Shafer (Doc. 18), Still (Doc. 23).

and prevent inconsistent verdicts. *See, e.g., Zafiro v. United States*, 506 U.S. 534, 537 (1993). While the trial court has broad discretion in making this decision, our appellate courts have repeatedly highlighted three factors each court should consider: "(1) the likelihood of confusion of the evidence and law; (2) the possibility that evidence against one defendant may be considered against the other defendant; and (3) the presence or absence of antagonistic defenses." *Saylor v. State*, 316 Ga. 225, 230-31 (2023). But these factors are not exclusive. *See generally Cain v. State*, 235 Ga. 128, 129 (1975) (introducing the three factors as only "[s]ome of the considerations for the court in exercising its discretion"); *Hill v. State*, 239 Ga. 278, 280 (1977) ("[A] trial judge may order severance on his own motion."). Ultimately, the primary consideration is whether severance is "necessary to achieve a fair determination of the guilt or innocence of a defendant." *Cain*, 235 Ga. at 129; *Elkins v. State*, 350 Ga. App. 816, 822 (2019); *see also Floyd v. State*, 307 Ga. 789, 796 (2020) ("The burden is on the defendant [to] make a clear showing that a joint trial would lead to prejudice and a consequent denial of due process.").

Defendants Chesebro and Powell presented similar arguments. Both contend their involvement with each other is non-existent, and that essentially they have been separately charged as distant spokes on an allegedly vast conspiratorial wheel. Both also concede the third traditional factor regarding antagonistic defenses by affirming that they do not intend to point fingers at each other during trial.

These arguments cut against severance. By emphasizing that they have been charged for "different, albeit related, crimes, and [that] the evidence against them for those crimes was distinct, such that it is not likely that [Powell would be] convicted solely due to her association with [Chesebro]," Defendants have reduced any concern for "spillover" evidence or juror confusion. *Elkins*, 350 Ga. App. at 825 n.30. Unlike *Price v. State*, 155 Ga. App. 844 (1980), the principal case referenced in support of severance, neither Defendant articulated how the evidence was

overwhelming against one defendant but only slight against the other. Finally, as the State pointed out in rebuttal and supplemental briefing, the State is entitled to present the entirety of its case against each Defendant because as charged members of the same conspiracy, "each of the acts and statements of each of the participants in the criminal enterprise is the same" as if Chesebro or Powell had done the act or made the statement themselves. *Montgomery v. State*, 156 Ga. App. 448, 451-52 (1980).

Left with only arguments regarding judicial economy, and the perceived unfairness of being forced to sit through a presentation of evidence that the Defendants contend only tangentially relates to them, the Court finds that these ancillary interests are outweighed by efficiency concerns of its own. Specifically, due to the projected length of this trial, severing the case would require the enlistment of another member of the bench to comply with the statutory speedy trial deadline. The Defendants' judicial economy concerns simply do not outweigh the resources expended through an additional trial, the shuttering of a second judge's docket, and the resultant delay to a multitude of other criminal and civil cases, many of which involve inmates in lengthy pretrial confinement.

Accordingly, the Court finds that Defendants Chesebro and Powell have not satisfied their burden to show that due process mandates severance from each other. At trial, the Court intends to give all appropriate pattern instructions concerning multi-defendant proceedings. This, in combination with any other reasonable instructions or precautions requested by the parties, will ensure that a joint trial does not result in unavoidable prejudice.

*The Remaining 17 Defendants*

The State maintains that it is ready to begin trial on October 23rd and that all 19 defendants should be seated across the table(s) that day. While adherence to the unwritten rule that the State is "always ready" is appreciated, several factors outside the traditional three-pronged severance analysis demand consideration.

First, each defendant has either filed, or provided an indication to the Court that they intend to file, a severance motion. Since the filing of the State's post-hearing brief on September 12, 2023, nine additional defendants have also filed or represented to the Court that they will waive their right to a statutory speedy trial.[3] Several defense counsel point to scheduling conflicts, including other jury trials, that prevent them from fully preparing for a trial that must begin in approximately 40 days. Others contend that a full review of discovery, which they have not yet received and is understandably voluminous, is necessary before they can articulate the exact reasons why severance is needed (*i.e.*, whether antagonistic defenses are expected). Even if the cases remained together for now, once continuance motions arrive citing insufficient preparation, the Court would be hard-pressed to find a lack of due diligence on the part of defense counsel in so compressed a timeline. *See* O.C.G.A. § 17-8-20 (showing required for continuances generally). The precarious ability of the Court to safeguard each defendant's due process rights and ensure adequate pretrial preparation on the current accelerated track weighs heavily, if not decisively, in favor of severance.

Second, to eliminate any doubts that the statutory speedy trial deadline has been met, the Court will endeavor to have a jury selected and sworn by November 3, 2023. *See* O.C.G.A. § 17-7-170(b) ("If the defendant is not tried . . ., the defendant shall be absolutely discharged and acquitted");

---

[3] Should any defendant who has not yet filed a waiver invoke the statutory speedy trial deadline before the trial of Defendants Chesebro and Powell has commenced, those defendants will immediately join the October 23rd trial. And the Court will revisit the issue of severance for any defendant who has not filed a waiver by September 29th. Regardless, the Court has received assurances that other members of the Fulton County bench stand ready to begin a second trial within the November/December term.

*Bowman v. State*, 315 Ga. 707, 711 (2023) ("Without the [O.C.G.A. § 15-12-139] oath, there is no jury; and without the jury, there is no trial."); *Bailey v. State*, 209 Ga. App. 390, 391 (1993) (finding defendant's speedy trial "began and jeopardy attached when the jury was selected and sworn"). With each additional defendant involved in the voir dire process, an already Herculean task becomes more unlikely. Similarly complicating the issue, five defendants remain in federal litigation seeking to have this prosecution removed to federal court. *See* 28 U.S.C. § 1455. How a grant of removal midtrial would impact this case, particularly on the issue of double jeopardy, remains unclear and unanswered in the State's supplemental briefing, and overlooking or wrongly adjudicating these legal uncertainties risks automatic acquittal.

Finally, the Court joins the skepticism expressed by several federal courts that denying severance always ensures efficiency, especially in "mega-trials" such as this. *See*, *e.g.*, *United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989) ("we do have misgivings about trials of this magnitude") (21 defendants); *United States v. Gray*, 173 F. Supp. 2d 1, 8 (D.D.C. 2001) ("multi-defendant 'mega-trials' may warrant some severance") (17 defendants). Beginning with the logistical concerns, the Fulton County Courthouse simply contains no courtroom adequately large enough to hold all 19 defendants, their multiple attorneys and support staff, the sheriff's deputies, court personnel, and the State's prosecutorial team. Relocating to another larger venue raises security concerns that cannot be rapidly addressed. As for the length of the trial, the State argues it plans to call the same number of witnesses in its case in chief no matter how many defendants are tried together. Maybe so. But this is only one of many factors that drive the length of trial. Each additional defendant increases the length of opening and closing arguments, cross-examination, and the number of evidentiary objections. Each additional defendant increases the risk that the trial must be paused due to the unexpected absence of a party or attorney. Thus, even if the State's case remains identical in length, and the aggregate time invested by the Court is

increased, the burden on the jurors for each individual trial is lessened through shorter separate trials. *Gray*, 173 F. Supp. 2d at 9 (recognizing the "hardship on jurors who must leave the normal routines of life for extended periods of time"). And we must consider the ripple effects of a months-long, multi-defendant trial on the local criminal justice system, sidelining dozens of defense counsel from handling other cases and preventing this Court - and quite likely most colleagues - from managing the rest of the docket.

For these reasons, the Court finds *sua sponte*, without the need for any particularized showing from each defendant, that severance is an absolute necessity. Additional divisions of these 17 defendants may well be required. That is a decision for another day once the many anticipated pretrial motions have been resolved and a realistic trial date approaches. For now, to the extent the Defendants' motions request severance from Defendants Chesebro and Powell, the motions are GRANTED IN PART.

*Stay of Proceedings*

In addition to severance, Defendants Meadows, Clark, Shafer, and Still also move to stay proceedings in this case pending adjudication of the federal removal action in the Northern District of Georgia. After entry of this order, the Court intends to set a motions deadline of December 1, 2023, for all 17 defendants. Based on the recent handling of Defendant Meadow's removal notice, this deadline should fall well after the District Court enters an order on any remaining actions. *See Georgia v. Meadows*, No. 1:23-CV-03621-SCJ, 2023 U.S. Dist. LEXIS 159904 (N.D. Ga. Sep. 8, 2023) (order entered 11 days following evidentiary hearing).

However, as appeals to the Eleventh Circuit and the United States Supreme Court could take months to resolve even if expedited, the Court does not intend to delay pretrial litigation. Pending the removal appeals, Defendants are expected at a minimum to review discovery and prepare their pretrial motions. The arguments within these motions should mirror whatever would be filed if

this case is removed, lessening concerns regarding unnecessarily expended resources. Any hearings on these motions are unlikely to be scheduled until after the trial of Defendants Chesebro and Powell, which the State contends will stretch well into 2024. Thus, to the extent the Defendants request a complete stay in this Court pending appellate resolution of the removal actions, the motions are DENIED.

*Conclusion*

Defendants Chesebro and Powell will join each other at trial, however, the other 17 defendants are severed from these two. Additional severances may follow. All pretrial deadlines will proceed as scheduled without a stay of proceedings.

**SO ORDERED** this 14th day of September, 2023.

_____
Judge Scott McAfee
Superior Court of Fulton County
Atlanta Judicial Circuit