# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12958

_____

THE STATE OF GEORGIA,

                                                   Plaintiff-Appellee,

*versus*

MARK RANDALL MEADOWS,

                                                   Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03621-SCJ

_____

2                    Order of the Court                    23-12958

ORDER:

Before the Court is a filing submitted by a non-party, David Andrew Christenson, titled "Amicus – Friend of the Court Brief – Motion to Intervene" and received on September 15, 2023.

Mr. Christenson has a history of submitting frivolous documents to this Court and other courts in high-profile cases seeking leave to participate as an amicus curiae or an intervenor. *See, e.g.*, *United States v. Reality Winner*, no. 20-11692, Order (11th Cir. June 29, 2020) (denying Mr. Christenson's request to participate as amicus curiae and directing the Clerk's Office not to accept any further documents); *United States v. Mark Meadows*, no. 1:23-CV-03621-SCJ, Order, Doc. 81 at 2–3 (N.D. Ga. Sep. 13, 2023) ("Mr. Christenson has a lengthy history of submitting motions to intervene and various correspondence related to high-profile cases before the Eleventh Circuit Court of Appeals."); *Donald J. Trump v. Michael Cohen*, no. 1:23-CV-21377, Order, Doc. 15 at 1–2 (S.D. Fla. May 15, 2023) (denying Mr. Christenson's motion to intervene); *Donald Trump v. Twitter, Inc.*, no. 1:21-CV-22441, Order, Doc. 66 (S.D. Fla. Oct. 8, 2021) (denying Mr. Christenson's motions to file amicus briefs). Mr. Christenson's filings do not provide sufficient reason to act as amicus curiae or an intervenor, and the processing of such documents is a burden on this Court's resources, especially due to Mr. Christenson's frequent and voluminous submissions to this Court.[1]

---

[1] This Court already revoked Mr. Christenson's privilege to file documents electronically due to his filing of documents containing scandalous and im-

23-12958               Order of the Court                3

This Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986). *See also Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) ("[E]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) ("This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents."). Based on the submitted document and Mr. Christenson's history of filings before this Court, the Court orders as follows:

Mr. Christenson's "Amicus – Friend of the Court Brief – Motion to Intervene" is DENIED. The Clerk's Office is DIRECTED not to docket and to otherwise take no action on any further documents submitted by Mr. Christenson in this case. The Clerk's Office will not return Mr. Christenson's unaccepted submissions to him.

Mr. Christenson is cautioned that further frivolous attempts to file an amicus brief or intervene in appeals in this Court

---

permissible language, *see In re: David Andrew Christenson*, no. 21-10371, Order (11th Cir. Feb. 25, 2021), directed the Clerk's Office to screen Mr. Christenson's filings for scandalous and impermissible language, *see In re: David Andrew Christenson*, no. 21-13985, Order (11th Cir. Dec. 17, 2021), and directed the Clerk's Office not to accept any further submissions from Mr. Christenson in his closed cases, *see, e.g., id.*, Order (11th Cir. Mar. 11, 2022).

4                  Order of the Court                  23-12958

may result in an order prohibiting him from filing *pro se* amicus briefs or motions to intervene in any case in this Court.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION