**No. 23-12958**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————————————

The State of Georgia,
Plaintiff-Appellee,

v.

Mark Randall Meadows,
Defendant-Appellant.

———————————————

Appeal From the United States District Court for the Northern District of Georgia
The Honorable Steve C. Jones, Presiding
D.C. Docket No. 1:23-cv-3621-SCJ

———————————————

**State of Georgia's Responsive Brief Pursuant to this Court's
Order of October 17, 2023**

**FANI T. WILLIS, DISTRICT ATTORNEY**
Atlanta Judicial Circuit

F. McDonald Wakeford, Chief Senior Assistant District Attorney
John W. "Will" Wooten, Deputy District Attorney
Alex Bernick, Assistant District Attorney
Anna Green Cross, Special Prosecutor
John E. Floyd, Special Prosecutor
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
(404) 612-4981

*Counsel for Plaintiff-Appellee the State of Georgia*

Case No. 23-12958

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

To the best of Appellee's knowledge, no associations of persons, partnerships, or corporations have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, or any publicly held corporation that owns 10% or more of the party's stock. The following is a list, in alphabetical order, of all trial judges, attorneys, law firms, and persons with such an interest. Appellee, like Appellant, has included the parties, their attorneys, and their attorneys' firms, as well as the other defendants in this criminal case and their attorneys.

1. Alksne, Cynthia, *amicus* in District Court

2. Anulewicz, Christopher Scott, attorney for Robert David Cheeley

3. Arora, Manubir, attorney for Kenneth John Chesebro

4. Aul, Francis, attorney for Mark R. Meadows

5. Ayer, Donald B., *amicus*

6. Barron, Lynsey M., attorney for Scott Graham Hall

7. Beckermann, Wayne R., attorney for Robert David Cheeley

8. Bernick, Alex, Fulton County District Attorney's Office

9. Bever, Thomas Dean, attorney for Shawn Micah Tresher Still

10. Bittman, Robert, attorney for Mark R. Meadows

Case No. 23-12958

11. Bondurant Mixson & Elmore LLP

12. Carr, Christopher M., Attorney General of the State of Georgia

13. Cheeley, Robert David, Defendant in *Georgia v. Trump*

14. Chemerinsky, Erwin, *amicus*

15. Chesebro, Kenneth John, Defendant in *Georgia v. Trump*

16. Childress, Marcus, attorney for *amici*

17. Christenson, David Andrew, *pro se*, denied intervention below

18. Clark, Jeffrey Bossert, Defendant in *Georgia v. Trump*

19. Cohen, Darryl B., attorney for Trevian C. Kutti

20. Copeland, Amy, *amicus* below

21. Cromwell, William Grant, attorney for Cathleen Alston Latham

22. Cross, Anna Green, Fulton County District Attorney's Office

23. Cross Kincaid LLC

24. Durham, James D., attorney for Mark R. Meadows in *Georgia v. Trump*

25. Eastman, John Charles, Defendant in *Georgia v. Trump*

26. Ellis, Jenna Lynn, Defendant in *Georgia v. Trump*

27. Englert, Joseph Matthew, attorney for Mark R. Meadows

28. Farmer, John J. Jr., *amicus*

29. Floyd, Harrison William Prescott, Defendant in *Georgia v. Trump*

Case No. 23-12958

30. Floyd, John Earl, Fulton County District Attorney's Office

31. Francisco, Michael Lee, attorney for Mark R. Meadows

32. Fried, Charles A., *amicus*

33. Frosh, Brian, *amicus*

34. Fulton County District Attorney's Office

35. Gerson, Stuart M., *amicus*

36. Gillen, Craig A., attorney for David James Shafer

37. Giuliani, Rudolph William Louis, Defendant in *Georgia v. Trump*

38. Graber, Mark A., *amicus*

39. Griffin Durham Tanner & Clarkson LLC

40. Grohovsky, Julie, *amicus* below

41. Grubman, Scott R., attorney for Kenneth John Chesebro

42. Hall, Scott Graham, Defendant in *Georgia v. Trump*

43. Hampton, Misty (a/k/a Emily Misty Hayes), Defendant in *Georgia v. Trump*

44. Harding, Todd A., attorney for Harrison William Prescott Floyd

45. Hogue, Franklin James, attorney for Jenna Lynn Ellis

46. Hogue, Laura Diane, attorney for Jenna Lynn Ellis

47. Jenner & Block, LLP

Case No. 23-12958

48. Jones, Steve C., U.S. District Court Judge for the Northern District of Georgia

49. Kallen, Michelle S., attorney for *amici*

50. Kammer, Brian S., attorney for *amici* below

51. Kelley, Emily E., attorney for Mark R. Meadows

52. Kutti, Trevian C., Defendant in *Georgia v. Trump*

53. Lake, Anthony C., attorney for David James Shafer

54. Latham, Cathleen Alston, Defendant in *Georgia v. Trump*

55. Lee, Stephen Cliffgard, Defendant in *Georgia v. Trump*

56. Little, Jennifer L., attorney for Donald J. Trump

57. Luttig, J. Michael, *amicus*

58. MacDougald, Harry W., attorney for Jeffrey Bossert Clark

59. Marshall, Mary E., attorney for *amici*

60. McAfee, Scott, Fulton County Superior Court Judge

61. McFerren, William Coleman, attorney for Shawn Micah Tresher Still

62. McGuireWoods, LLP

63. Meyer, Joseph Michael, attorney for *amici*

64. Miller, Tom, *amicus*

65. Moran, John S., attorney for Mark R. Meadows

Case No. 23-12958

66. Morgan, John Thomas III, attorney for *amici*

67. Morris, Bruce H., attorney for Ray Stallings Smith, III

68. Ney, Adam, Fulton County District Attorney's Office

69. Novay, Kristen Wright, attorney for Ray Stallings Smith, III

70. Palmer, Amanda, attorney for Ray Stallings Smith, III

71. Parker, Wilmer, attorney for John Charles Eastman

72. Pierson, Holly Anne, attorney for David James Shafer

73. Powell, Sidney Katherine, Defendant in *Georgia v. Trump*

74. Rafferty, Brian T., attorney for Sidney Katherine Powell

75. Ragas, Arnold M., attorney for Harrison William Prescott Floyd

76. Ratakonda, Maithreyi, attorney for *amici*

77. Raul, Alan Charles, *amicus*

78. Rice, Richard A., Jr., attorney for Robert David Cheeley

79. Roman, Michael A., Defendant in *Georgia v. Trump*

80. Rood, Grant H., Fulton County District Attorney's Office

81. Sadow, Steven H., attorney for Donald J. Trump

82. Saldana, Sarah R., *amicus* below

83. Samuel, Donald Franklin, attorney for Ray Stallings Smith, III

84. Shafer, David James, Defendant in *Georgia v. Trump*

Case No. 23-12958

85. Shane, Peter M., *amicus*

86. Smith, Ray Stallings, III, Defendant in *Georgia v. Trump*

87. Still, Shawn Micah Tresher, Defendant in *Georgia v. Trump*

88. Terwilliger, George J., III, attorney for Mark R. Meadows

89. Trump, Donald J., Defendant in *Georgia v. Trump*

90. Twardy, Stanley A. Jr., *amicus* below

91. Volchok, Daniel, attorney for *amici*

92. Wade, Nathan J., Fulton County District Attorney's Office

93. Wade & Campbell Firm

94. Wakeford, Francis McDonald IV, Fulton County District Attorney's Office

95. Waxman, Seth P., attorney for *amici*

96. Weld, William F., *amicus*

97. Wertheimer, Fred, attorney for *amici*

98. Williams, Jonathan L., attorney for *amici*

99. Willis, Fani T., Fulton County District Attorney's Office

100. Wilmer Cutler Pickering Hale and Dorr LLP

101. Wooten, John William, Fulton County District Attorney's Office

102. Wu, Shan, *amicus* below

103. Young, Daysha D'Anya, Fulton County District Attorney's Office

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ............................................................ C-1

TABLE OF CONTENTS ......................................................................... i

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION ................................................................................. 1

THE STATUTORY SCHEME ................................................................ 1

ARGUMENT ........................................................................................ 2

CERTIFICATE OF COMPLIANCE .................................................... 12

CERTIFICATE OF SERVICE ............................................................. 13

# TABLE OF AUTHORITIES

## Cases

*Bostock v. Clayton Cty.*,
  140 S. Ct. 1731 (2020) .......................................................... 8

*CBS Inc. v. Primetime 24 Joint Venture,*
  245 F.3d 1217 (11th Cir. 2001) ........................................ 7

*Freemanville Water Sys., Inc. v. Poarch Band of Creek Indians*,
  563 F.3d 1205 (11th Cir. 2009) ......................................... 4

*Mesa v. California*,
  489 U.S. 121 (1989) ............................................................ 9

*Niz-Chavez v. Garland*,
  141 S.Ct. 1474 (1983) ........................................................ 3

*United States v. Papagno*,
  639 F.3d 1093 (D.C. Cir. 2011) ......................................... 4

*United States v. Pate*,
  No. 20-10545, --- F.4th ---, 2023 WL 6618405
  (11th Cir. Oct. 11, 2023) ............................................... 1-10

*West Va. Hosps., Inc. v. Casey*,
  499 U.S. 83 (1991) ............................................................. 8

## Statutes

1 U.S.C. § 1 ............................................................................ 3

28 U.S.C. § 1442 ............................................................... 1-10

## Other Authorities

36 Stat. 1087 ......................................................................... 5

62 Stat. 938 ............................................................................................................ 6

# INTRODUCTION

On October 17, 2023, the Court directed the parties to file responsive briefs answering the following question:

> What effect, if any, does *United States v. Pate*, No. 20-10545, --- F.4th ---, 2023 WL 6618405 (11th Cir. Oct. 11, 2023), have on the analysis of whether 28 U.S.C. § 1442(a)(1) permits a former "officer (or any person acting under that officer) of the Untied States or of any agency thereof, in an official or individual capacity," to remove a criminal prosecution from state court to federal court?

Doc. [67] at 2. An examination of this Court's reasoning in *Pate* reinforces the State of Georgia's earlier arguments regarding Section 1442(a)(1)'s application in this case (Doc. [20]): only current federal officers may remove state actions to federal court under the authority granted by Section 1442(a)(1).

# THE STATUTORY SCHEME

As this Court is aware, 28 U.S.C. § 1442(a)(1), the federal statute under which Appellant sought to remove his criminal prosecution from the Superior Court of Fulton County to the Northern District of Georgia, states:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act

1

under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

At the direction of this Court (Doc. [7]), the State of Georgia has previously observed (Doc. [20] at 2-5) that Section 1442(a)(1) is silent on the removal of a civil action or a criminal prosecution commenced against or directed to a *former* officer of the United States. This silence stands in obvious contrast to the language of 28 U.S.C. § 1442(b):

> A personal action commenced in any State court by an alien against any citizen of a State who is, ***or at the time the alleged action accrued was***, a civil officer of the United States and is a nonresident of such State, wherein jurisdiction is obtained by the State court by personal service of process, may be removed by the defendant to the district court of the United States for the district and division in which the defendant was served with process.

(emphasis added). As demonstrated below, application of *Pate*'s reasoning to the language of these subsections leads to a straightforward conclusion about their respective applicability to former federal officials.

## ARGUMENT

**Following the principles outlined by this Court in *Pate*, analyzing the plain language of the statute and applying well-established canons of construction, 28 U.S.C. § 1442(a)(1) cannot be interpreted to authorize removal of a criminal prosecution commenced in a state court against a former federal officer. Additionally, *Pate*'s analysis of statutory text, existing precedent, and**

2

the relevance of a statute's purported purpose all point to the same conclusion: former officers cannot remove their cases under Section 1442(a)(1).

As the Court emphasized in *Pate*, the natural starting place for statutory analysis is the *plain language* of the statute: "When called on to resolve a dispute over a statute's meaning, [a court] normally seeks to afford the law's terms their ordinary meaning at the time Congress adopted them." *Pate* at *8 (citing *Niz-Chavez v. Garland*, 141 S.Ct. 1474, 1480 (2021). This Court applied the Dictionary Act, 1 U.S.C. § 1, as well as the definitions derived from both dictionaries and the common understanding, to determine that "officer" traditionally refers to current, not former, officers. *Pate* at *9-11. The State of Georgia is not aware of any basis for why the Court's reasoning on this point should *not* apply to the term "officer" under Section 1442(a)(1). The "ordinary meaning" of the term "officer" simply does not include "former officer" as well.

Turning from plain language to statutory context, while Section 1442(a)(1) authorizes federal officers to have state prosecutions against them removed to federal court under certain circumstances, it "does not explicitly state whether it protects only current, or also former, federal employees." *Pate* at *15. Conversely, Section 1442(b) explicitly provides for the removal of certain actions against any citizen "who is, *or at the time the alleged action accrued was*, a civil officer of the United States and is a nonresident of such State . . . ." The State of Georgia has previously

3

argued that this Court should recognize that this difference is intentional, and as a result, Section 1442(a)(1) cannot authorize removal of a state criminal prosecution against a former federal officer. *See* Doc. [20] at 2-5. In *Pate*, this Court applied the same "family of canons" previously cited by the State and reached a similar conclusion.

In particular, this Court cited *Freemanville Water Sys., Inc. v. Poarch Band of Creek Indians*, 563 F.3d 1205, 1209 (11th Cir. 2009) for three crucial and longstanding principles: first, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Pate* at *13. This presumption is even more applicable in this case, which involves differing subsections of the same statute, than in *Pate*, which involved various statutes within the same "field of legislation." *Id.*[1]

---

[1] Citing now-Justice Kavanaugh, *Pate* also dispensed with a point previously raised by Appellant: that the predecessors to subsections 1442(a) and (b) were "not written together but combined in 1948" and that subsection (b) was "enacted decades after the predecessor to" subsection (a). *See* Doc. [21] at 1, 1 n.2. As discussed below, the fact of their combination into a single statute does not cut against the presumption of Congress's awareness of the discrepancy in language. Regardless, as this Court explained, the fact is not significant: "'[t]he dissimilar language need not always have been enacted at the same time or found in the same statute' to warrant the presumption." *Pate* at *13 (citing *United States v. Papagno*, 639 F.3d 1093, 1099 n.3 (D.C. Cir. 2011)).

"Second, and relatedly, 'where Congress knows how to say something but chooses not to, its silence is controlling.'" *Id.* And "[t]hird, 'when Congress uses different language in similar sections, it intends different meanings.'" *Id.* at *13-14. The history of Section 1442 demonstrates that Congress plainly knew, and has always known, how to authorize removal for former officers by clarifying the element of temporality in this specific statute. When codified in 1911, one of Section 1442(a)(1)'s predecessors contained essentially the same language it presently retains, lacking any reference to temporality, when referring to federal revenue officers (later amended to apply to all federal officers). *See* Mar. 3, 1911, ch. 231, §33, 36 Stat. 1087, 1097. However, in the very same section, Congress *did* include a temporal element for another class of officers, authorizing removal "when any suit is commenced against any person for on account of *anything done by him while an officer of either House of Congress* in the discharge of his official duty, in executing any order of such House . . . ." *Id.* (emphasis added).

This history directly addresses Appellant's previous argument that the discrepancy in language between subsections 1442(a)(1) and (b) can be explained by their differing "focuses," namely that subsection (a)(1) concerns "conduct" whereas subsection (b) concerns "status" as either a current or former federal officer. Doc. [21] at 3-4. Even if differences in purpose or "focus" exist between the subsections, Congress clearly knew how to write a removal statute explicitly

broadening the temporal requirements for conduct when it authorized removal for any Congressional officer prosecuted for "anything done by him while an officer of either House of Congress in the discharge of his official duty" in the predecessor to Section 1442(a)(1). That language clearly indicated that both present and former Congressional officers were authorized to seek removal. And yet, in the same statute, Congress chose not to include any such temporal language to broaden the meaning of "officer of the United States" to include *former* officers of the United States. As outlined in *Pate*, it is therefore presumed that Congress intended different meanings, and its silence is controlling.

Additionally, despite many opportunities to do so spanning more than a century, Congress has never amended the language of subsection 1442(a)(1) to reflect temporality. As pointed out by Appellant, subsections (a)(1) and (b) were combined (from formerly adjacent removal statutes)[2] into 28 U.S.C. § 1442 in 1948. *See* 62 Stat. 938; Doc. [21] at 1. Despite the discrepancy between the two subsections, Congress did not amend subsection 1442(a)(1) to explicitly include former officers, nor did it do so during subsequent rounds of revision in 1996, 2011, or 2013. As this Court observed, "'Congress' clear ability to modify [a] term . . . to

---

[2] Because the history of Section 1442 demonstrates that its subsections have, in one form or another, been adjacent removal provisions for over a century, they should not engender doubts about statutory cohesion like the Title 18 criminal provisions discussed by this Court in *Pate*. *See Pate* at *48 (Grant, J., dissenting) and *62 (Lagoa, J., dissenting).

indicate the type thereof in other instances … and the fact that that it did not do so in the disputed phrase . . .' signifies 'that it had no intention to so limit the term' in the latter instance." *Pate* at *14 (quoting *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1226 (11th Cir. 2001)).

In *Pate*, this Court also rejected an argument, raised by the government there and by Appellant here, concerning the phrase "on account of." The statutes at issue in *Pate* involved the phrase "on account of the performance of official duties." Similarly, a predecessor of Section 1442(a)(1) stated that it applied to officers of the United States sued or prosecuted "for or on account of any act done" under their official authority; the language has since been abbreviated to "for or related to." The argument, as summarized by Appellant, is that "[t]he original phrasing makes clear that being a current officer is not required, and there is no reason to think subsequent revisions added such a requirement." Doc. [21] at 5.

However, this Court indicated in *Pate* that such an argument "doesn't withstand careful scrutiny." *Pate* at *16. This is because the "for or on account of" language is merely a subsequent necessary condition for the application of the statute. The *primary* necessary condition is that the person involved "must *be* a federal 'officer or employee'" in the first place. *Id.* (emphasis original). This Court explained that the absence of temporality in the second condition, whether it be "for or related to" or "for or on account of," provides no guidance about the meaning of

the first condition, requiring the actual involvement of an officer of the United States. *Id.* at \*16-17. As established above, the plain meaning of "officer of the United States" is "*current* officer of the United States," and if Congress sought to broaden that meaning, it knew how to do so. It could have incorporated the simple language it originally applied to Congressional officers, covering any acts taken while that officer was fulfilling Congressional duties, or it could have made an express statement about temporality, as it did in Section 1442(b). However, it did neither, and, as this Court emphasized, the use of a phrase such as "for or on account of official duties" does not alter what Congress meant when it referred to "officers of the United States."

Finally, in *Pate*, this Court discussed whether and how a statute's *purpose* ought to inform its interpretation by the courts. Just as Appellant argues in this case (*see* Doc. [21] at 8-10), the government in *Pate* argued that the statutes at issue should be liberally construed in order to achieve their purposes. *Pate* at \*24-26. This Court roundly rejected this argument, noting that "to the extent a statute's purpose is relevant, '[t]he best evidence of that purpose is the statutory text adopted by both Houses of Congress and submitted to the President.'" *Id.* at \*21 (quoting *West Va. Hosps., Inc. v. Casey*, 499 U.S. 83, 98 (1991)). The Supreme Court has "explained many times over many years that, when the meaning of [a] statute's terms is plain, our job is at an end." *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1749 (2020). Since it

is possible to arrive at a "plain-text reading" of Section 1442(a)(1) using identical reasoning employed in *Pate*, there is no need to look past the words of the statute in an attempt to glean the statute's meaning.

Appellant will no doubt maintain, as he previously has, that Section 1442 is intended to be broadly construed in order to achieve its purposes. *See* Doc. [21] at 8-10. But this was, again, precisely the argument submitted by the government, and rejected by this Court, in *Pate*; the government invoked the need for "maximum protection for federal officers and federal functions." *Pate* at *25. This Court responded that "no legislation pursues its purposes at all costs," and "the textual limitations upon a law's scope are no less a part of its 'purpose' than its substantive authorizations." *Id.* (citations omitted). The same could be said here. It is true that Section 1442, as a rule, is to be construed broadly, but that does not mean that a court may ignore the plain meaning of the statute's words in order to arrive at a broader application. The Supreme Court itself has not acceded to *every* argument intended to broaden the application of Section 1442, as demonstrated by its holding in *Mesa v. California*, 489 U.S. 121, 135 (1989), where it rejected the expansive argument that 1442 "must be construed broadly to permit removal of any civil actions or criminal proceedings brought against a federal officer for acts done during the performance of his duties regardless of whether that officer raises a federal defense."

In sum, *Pate* provides reasoning that applies directly to the circumstances of this case, supplying a ready answer to the Court's question regarding analysis of whether or not former federal officers can invoke 28 U.S.C. § 1442(a)(1) to remove their cases to federal court. They cannot. The ordinary meaning of the term "officer" does not include "former officer." Statutory context indicates that while Congress employed temporal language to broaden "officer" in Section 1442(b) (and in the predecessor to 1442(a)(1) with regard to Congressional officers), it declined to do so with regard to "officers of the United States" under 1442(a)(1), a decision it has never revisited. *Pate* also addressed and discarded arguments regarding the history and purpose of the language in Section 1442(a)(1). The case provides a careful and considered analysis of the same issues of interpretation present in this case, and it is now even clearer than before that former federal officers may not seek to remove their cases under the authority of 28 U.S.C. § 1442(a)(1).

Respectfully submitted this 3rd day of November 2023,

**FANI T. WILLIS**
**DISTRICT ATTORNEY**
ATLANTA JUDICIAL CIRCUIT

By:

/s/ F. McDonald Wakeford
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Georgia Bar No. 414898
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor

Atlanta, Georgia 30303
(404) 612-4981
fmcdonald.wakeford@fultoncountyga.gov

John W. "Will" Wooten
Deputy District Attorney
Office of the Fulton County District Attorney

Alex Bernick
Assistant District Attorney
Office of the Fulton County District Attorney

Anna Green Cross,
Special Prosecutor
Office of the Fulton County District Attorney

John E. Floyd
Special Prosecutor
Office of the Fulton County District Attorney

*Counsel for Plaintiff-Appellee*
*the State of Georgia*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This responsive brief complies with the type-volume limit of the Federal

    Rules of Appellate Procedure and the instruction of the Court that this

    responsive brief "should be no more than ten pages." Excluding the parts of

    the document excluded by Federal Rule of Appellate Procedure 32(f) and

    Eleventh Circuit Ruile 26.1-3(c), this document contains 2,547 words.

2.  This responsive brief complies with the typeface requirements of Federal

    Rule of Appellate Procedure 32(a)(5) and the type-style requirements of

    Federal Rule of Appellate Procedure 32(a)(6) because this responsive brief

    has been prepared in a proportionally spaced typeface using Microsoft Word

    in 14-point Times New Roman.

This 3rd day of November 2023,

/s/ F. McDonald Wakeford
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Georgia Bar No. 414898
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
(404) 612-4981
fmcdonald.wakeford@fultoncountyga.gov

12

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served upon the following by the CM/ECF electronic filing system because all are registered CM/ECF users:

George J. Terwilliger, III
John S. Moran
Michael J. Francisco
Francis J. Aul
McGuire Woods LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-2473
gterwilliger@mcguirewoods.com

This 3rd day of November 2023,

/s/ F. McDonald Wakeford
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Georgia Bar No. 414898
Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
(404) 612-4981
fmcdonald.wakeford@fultoncountyga.gov

13